IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv135

| | | |
|---|---|---|
| ASHEVILLE DOWNTOWN HOLDINGS, LTD, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TD BANK, N.A., J.W. DAVIS, | ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion for Leave to File an Amended Complaint and Motion to Remand [# 17]. Plaintiff initially brought this action in state court. Defendants removed the action to this Court and moved to dismiss to the Complaint. Subsequently, Plaintiff moved for leave to file an Amended Complaint. Plaintiff wants to delete the federal RICO claim from his Complaint and offer additional factual allegations in support of his state law claims. In addition, Plaintiff seeks an order remanding the case. Upon a review of the motion, the record, and the relevant legal authority, the Court **GRANTS in part** the motion [# 17].

**I.     Analysis**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its

1

pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. The United States Court of Appeals for the Fourth Circuit has recognized three situations where a district court may deny leave to amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile where the proposed amendment fails to conform to the requirements of the Federal Rules of Civil Procedure. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011); U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Ultimately, the decision whether or not to grant a party leave to amend, however, is up to the discretion of the Court. See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994).

The Court finds that the proposed amendments would not prejudice Defendants, Plaintiff has not acted in bad faith, and the amendments are not so futile as to warrant denying Plaintiff leave to amend at such an early stage in these proceedings. Moreover, the fact that one of Plaintiff's motivations in moving to amend is to eliminate the federal claim and attempt to defeat federal jurisdiction

2

does not in and of itself constitute bad faith.  See Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004); Kimsey v. Snap-On Tools Corp, 752 F. Supp. 693, 695 (W.D.N.C. Nov. 28, 1990) (Potter, C.J.); Henry v. UBC Prod. Support Ctr., Inc., Civil Action No. 1:08cv123, 2008 WL 5378321 *7 (N.D. W. Va. Dec. 24, 2008).  Accordingly, the Court **GRANTS in part** the Motion to Amend [# 17]. The Court **DIRECTS** the Clerk to docket the First Amended Complaint [# 20] as the operable complaint in this case.  Defendants shall have twenty (20) days from the date of this Order to answer or otherwise respond to the First Amended Complaint.[1]  The Court **DENIES as moot** the pending Motions to Dismiss [# 9 & # 11].  Finally, the Court **DENIES without prejudice** the Motion [# 17] to the extent it seeks to remand the case.  Plaintiff may file a separate motion to remand this case, and the District Court can determine whether to exercise its discretion and remand this case or exercise supplemental jurisdiction over the state law claims.

## II.     Conclusion

The Court **GRANTS** the Motion for Leave to File Amended Complaint, Motion to Remand to State Court [# 17] to the extent it seeks leave to file the First Amended Complaint.  The Court **DENIES without prejudice** the motion [# 17] to

---

1  The Court would also entertain a motion staying this case pending a ruling on any motion to remand filed by Plaintiff if the parties were amenable to such an order. Such an order would allow Defendants ten days from the entry of an order by the District Court ruling on a motion to remand to file motions to dismiss the First Amended Complaint.

3

the extent is seeks to remand the case. The Court **DENIES** as moot the Motions to Dismiss [# 9 & # 11]. Finally, the Court **DIRECTS** the Clerk to docket the First Amended Complaint [# 20] as the operable complaint in this case. Defendants shall have twenty (20) days from the entry of this Order to answer or otherwise respond to the Amended Complaint.

Signed: September 20, 2013

Dennis L. Howell
United States Magistrate Judge