THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00135-MR-DLH

| | |
|---|---|
| ASHEVILLE DOWNTOWN  )<br>HOLDINGS, LTD., )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>TD BANK, N.A., successor in )<br>interest to Carolina First Bank, and )<br>J.W. DAVIS, former president of )<br>Carolina First Bank, )<br>)<br>          Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand. [Doc. 29]. The Defendants oppose the Plaintiff's Motion. [Doc. 30].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On May 1, 2013, the Plaintiff filed this action in the Buncombe County General Court of Justice, Superior Court Division, against Defendants, asserting claims for negligence, breach of contract, negligent misrepresentation/constructive fraud and fraud by omission, fraud, breach of fiduciary duty, and unfair and deceptive trade acts and practices, under North Carolina law, and a claim under the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO Act). [Doc. 1-2]. In summary, this case concerns a dispute between the parties regarding numerous commercial loan accounts between 2005 and 2008. [Doc. 26]. The Plaintiff asserts that the Defendants "were involved in a wave of questionable lending transactions that drew the scrutiny of government banking regulators," and that the Defendants used "coercive and improper practices [that] ultimately harmed [the Plaintiff's] assets and business." [Doc. 29].

On May 10, 2013, the Defendant T.D. Bank, N.A. filed a Notice of Removal of this action to this Court. [Doc. 1]. On May 31, 2013, the Defendant J.W. Davis consented to the Notice of Removal. [Doc. 7]. Thereafter, the Defendants filed Motions to Dismiss the Plaintiff's Complaint on June 11, 2013 and June 12, 2013, respectively. [Docs. 9, 11]. On July 12, 2013, the Plaintiff moved to amend its Complaint and moved to remand this case to state court. [Doc. 17]. On September 20, 2013, an Order was entered allowing the Plaintiff to amend its Complaint and instructing that this First Amended Complaint would be the operable Complaint in this case [Doc. 25]. In the First Amended Complaint, the Plaintiff eliminated the federal RICO Act claim and provided supplementary

factual allegations in support of its state law claims. [Doc. 26]. On October 15, 2013, the Plaintiff timely moved to remand this case. [Doc. 29].

## II. DISCUSSION

Here, the parties do not dispute that this case was properly removed to this Court under 28 U.S.C. § 1331, as the Plaintiff asserted a federal claim against the Defendants for violation of the RICO Act in the original Complaint. [Docs. 30, 31, 1-2]. Subsequent to removal, however, the Plaintiff was allowed to amend its Complaint, eliminating the federal RICO Act claim and providing supplementary factual allegations in support of the state law claims. [Doc. 26]. In granting the Plaintiff leave to amend, the Magistrate Judge specifically found as follows:

> The proposed amendments would not prejudice the Defendants, Plaintiff has not acted in bad faith, and the amendments are not so futile as to warrant denying Plaintiff leave to amend at such an early stage in these proceedings. Moreover, the fact that one of Plaintiff's motivations in moving to amend is to eliminate the federal claim and attempt to defeat federal jurisdiction does not in and of itself constitute bad faith. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004); Kimsey v. Snap-On Tools Corp., 752 F. Supp. 693, 695 (W.D.N.C. Nov. 28, 1990) (Potter, C.J.); Henry v. UBC Prod. Support Ctr., Inc., Civil Action No. 1:08cv123, 2008 WL 5378321 *7 (N.D.W. Va. Dec. 24, 2008).

[Doc. 25 at 2-3]. Notably, the Defendants did not seek reconsideration of the Order granting the Plaintiff's Motion to Amend.

3

The Defendants argue that, despite the dismissal of the sole federal claim, this Court should retain supplemental jurisdiction to hear this case because 1) the Defendants objected to the Plaintiff's motion to amend as being filed in bad faith, 2) there was no substantive reason for the Plaintiff's removal of its RICO Act claim, and 3) threshold issues of federal law are central to the disposition of this case. [Doc. 30]. Specifically, the Defendants assert that a substantial question of federal law is central to this case, relating to whether Section 1141(a) of the Bankruptcy Code, and the doctrines of *res judicata* and collateral estoppel, bar the Plaintiff's claims due to the Plaintiff's prior Chapter 11 bankruptcy case and Confirmation Order.[1] [Doc. 30]. The Defendants claim that the Plaintiff will be precluded from bringing its claims "against either Defendant because it never disclosed or raised the now asserted claims in its bankruptcy and . . . never scheduled any claims, counterclaims, or rights to setoff against the Defendants as potential assets of its bankruptcy estate . . .," noting that

---

[1] In 2010, the Plaintiffs defaulted on two loans with the Defendant TD Bank, at which time the Defendant TD Bank, N.A. initiated foreclosure proceedings and then held foreclosure sales in March 2011. [Doc. 30]. On April 1, 2011, the Plaintiff filed a Chapter 11 Bankruptcy Petition, and on April 7, 2011, the Defendant TD Bank, N.A. filed a notice of appearance in the bankruptcy and challenged the case. Id. The Plaintiff filed a Chapter 11 Plan and Disclosure Statement, followed by many amendments, until an Order confirmed the Plaintiff's Chapter 11 plan on August 8, 2012, followed by a Final Decree entered on November 21, 2012. Id. The Confirmation Order directed the Plaintiff to pay the Defendant TD Bank, N.A. under the Chapter 11 Plan. Id.

both the Fourth Circuit Court of Appeals and other courts have established that a confirmed plan "bars re-litigation of any issues raised or that could have been raised in the bankruptcy." [Id.]  Additionally, the Defendants suggest that it would be more convenient and economic for this Court to exert supplemental jurisdiction due to its familiarity with bankruptcy law and its access to bankruptcy records.

Where federal district courts have proper original jurisdiction over a claim, they may exert "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," "deriv[ing] from a common nucleus of operative fact . . ."  28 U.S.C. § 1367; <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966).  Further, the Court has discretion to decide whether to retain supplemental jurisdiction over state law claims which are part of the same case or controversy "when the federal basis for an action drops away" even after proper removal of a case.  28 U.S.C. § 1367; <u>see</u> <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 109 (4th Cir. 1995); <u>see also</u> <u>Reinhart v. City of Brevard</u>, 826 F. Supp. 2d 887, 889-90 (W.D.N.C. 2011).  In deciding whether it can assert supplemental jurisdiction over state law claims, the Court will "consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and

comity." City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 173 (1997).

When all federal claims have been extinguished in a removed action, the Court has "wide latitude" in deciding whether to retain jurisdiction over state law claims, with "a powerful reason to choose not to continue to exercise jurisdiction," Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 344 (1988), Shanaghan, 58 F.3d at 110, due to the responsibility of the Court to "best serv[e] the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States . . ."[2] Id. Further, "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. (citing Gibbs, 383 U.S. at 726).

Here, the case is still in the early stages of litigation. Further, the Plaintiff's remaining claims are purely state law claims which can be as readily addressed by a state court as a federal court. Accordingly, the

---

[2] This Court has previously held that "[w]hen a plaintiff eliminates federal claims at an early stage in the litigation, remand to state court best serves the considerations of economy, convenience, fairness and comity." Reinhart, 826 F.Supp. 2d at 890 (citing Wood v. Durham County Bd. of Educ., 2011 WL 723048 at *3 (M.D.N.C. 2011) and Dominion Healthcare Servs., Inc. v. Value Options, Inc., 2009 WL 580326, at *5 (M.D.N.C. 2009)).

6

Court concludes that the principles of comity and judicial economy will be best served by the remand of this case to state court. Although the Defendants argue that the Plaintiff had no "substantive reason" to remove its RICO Act claim from this case and that the Plaintiff acted in bad faith to amend the Complaint, such assertions are warrantless based upon the Magistrate Judge's finding of an absence of bad faith in granting the Plaintiff's Motion for Leave to Amend even if the Plaintiff intended to defeat federal jurisdiction. [Doc. 25]. Additionally, since all parties to this action reside in western North Carolina [see Docs. 3 at 2, 13 at 2, 26 at 5], litigating this case in the Buncombe County General Court of Justice will not pose any unnecessary inconvenience to them. Finally, while the Defendants argue that the state court will have difficulty correctly determining the bankruptcy-related issues in this case, this Court is confident that the state court can competently and fairly handle the matters involved in this case including federal law defenses. Therefore, in the interests of judicial economy, convenience, fairness, and comity to all parties, this Court in the exercise of its discretion declines to exert supplemental jurisdiction over the state law claims in this action.

## III. CONCLUSION

Upon careful consideration of the arguments of both parties in this case, the Court concludes that this case is based on state law claims over which no supplemental jurisdiction should be exercised. Accordingly, the Plaintiff's Motion to Remand is granted.

## O R D E R

**IT IS, THEREFORE ORDERED** that the Plaintiff's Motion to Remand [Doc. 29] is **GRANTED**, and this case is hereby **REMANDED** to the Buncombe County General Court of Justice, Superior Court Division.

**IT IS SO ORDERED.**

Signed: February 24, 2014

Martin Reidinger
United States District Judge